## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**BOBBY RANDY MOUTON**               **CIVIL ACTION NO. 6:17-CV-1036**

**VS.**                              **SECTION P**

                                     **DISTRICT JUDGE**

**EDWARD M. LEONARD, JR.**           **MAGISTRATE JUDGE HANNA**

## <u>REPORT AND RECOMMENDATION</u>

Pro se petitioner Bobby Randy Mouton filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 7, 2017. Petitioner is incarcerated at the St. Mary Parish Jail in Centerville, Louisiana. He challenges his conviction and sentence imposed in the Sixteenth Judicial District Court, St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Procedural History*

According to his petition, Mouton pled guilty to one count of obscenity and on May 13, 2013, was sentenced to serve 3–years imprisonment and directed to register as a sex offender upon his release. He complains that the "charge for which [he] was being made to register as a sex offender was not the charge that [he] plead guilty to." [Rec. Doc. 7, p. 5] Petitioner states that he filed a petition for writ of habeas corpus in the 16th Judicial District court on July 18, 2013, which was denied. *Id*. at p. 5

Petitioner admits he did not present his claims to the Louisiana Supreme Court. *Id.* at p. 12.[1]

### *Law and Analysis*

### 1. *Failure to Exhaust*

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The statute provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(l)(A) and (B).

Furthermore, decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. (*See Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d

---

[1]This is Mouton's second attempt to collaterally attack, in this federal Court, his Louisiana state court conviction for obscenity for which a three year sentence was imposed by the Sixteenth Judicial District Court for St. Mary Parish, Louisiana. This court's records demonstrate that Mouton has filed a previous federal petition for writ of *habeas corpus* in which he attacked this same conviction and sentence. *Bobby Randy Mouton v. St. Mary Parish Jail*, No. 6:13-cv-3071 (W.D. La. 2014). Mouton asserted the following claims for relief: (1) his conviction and sentence are unlawful because he was not allowed to cross examine witnesses at the May 16, 2013 preliminary hearing; and, (2) the condition that he register as a sex offender was not part of his plea agreement. That petition was denied and dismissed with prejudice on January 31, 2014, as petitioner failed to exhaust his available state court remedies. *See Bobby Randy Mouton v. St. Mary Parish Jail*, No. 6:13-cv-3071 at Rec. Docs. 8 and 12.

295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056. Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *Magouirk*, 144 F.3d at 360 *citing Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985).

In Louisiana, the highest court is the Louisiana Supreme Court. See LSA—Const. Art. 5, § 5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts ...") Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139 (1998).

By his own admission petitioner has not sought review of his federal habeas corpus claims in the Courts of Louisiana. Furthermore, a review of the presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no orders or judgments with respect to petitioner's conviction. Finally, petitioner has not alleged an absence of available remedies or any other facts to establish that he is exempt from the rule of exhaustion.

### *2. Technical Exhaustion and Procedural Default*

Since petitioner failed to fairly present the substance of his federal claims in a procedurally correct manner to the Louisiana Supreme Court, state court remedies remain unexhausted. It appears, however, that these claims, while unexhausted, may be considered "technically" exhausted since it is unlikely that petitioner could return to the Louisiana courts to re-litigate these claims.

Louisiana Supreme Court Rule X, §5(a) provides a thirty-day period of limitations to seek review of the judgment of the Court of Appeal, and this period is reckoned from the date that the Court of Appeals' judgment was mailed.  With respect to petitioner's current habeas claims, the time for seeking review of those claims in the Supreme Court has long ago lapsed.  Further, should petitioner attempt to raise any of these claims anew, either in the Sixteenth Judicial District Court or the First Circuit Court of Appeals, such claims would be subject to dismissal as repetitive pursuant to La. C.Cr.P. art. 930.4.  It is reasonable to conclude that petitioner is unable to litigate his claims in the courts of Louisiana, and that any attempt to litigate these claims would results in dismissal on procedural grounds.  Therefore, these claims must now be considered procedurally defaulted.  See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993)(cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995))("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from habeas review").

4

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722 (1991)("[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1.)

Federal courts may look beyond the procedural default, but only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Id.,* at 751; *Duncan v. Cain*, 278 F.3d 537, 541, n. 3 (5th Cir.2002), *cert. denied*, 537 U.S. 829 (2002). "Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In *Murray v. Carrier*, the Supreme Court explained that "cause" in the context of a procedural default refers  to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference

5

by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. at 488. (internal citations omitted).

In this case, petitioner has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts or as a result of his failure to exhaust. Rather, he states that he "didn't really know which state court was highest." [Rec. Doc. 5, p. 12]    Neither pro se status nor ignorance of the law is sufficient cause to excuse a procedural default.  See *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

The Court's review of the record does not support a finding that any factor <u>external</u> to the defense prevented petitioner from raising the claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.  Thus, petitioner cannot show "cause" for his default.  Further, if a habeas petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice.  *Id.*

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE**  because petitioner's claims remain unexhausted and, even if they were exhausted, they would be procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A

party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

7

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 1st day of November, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE